IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY DEON BOYER,<br>　　　　　Petitioner, | ) <br> ) <br> ) | |
| vs. | ) <br> ) <br> ) | Civil Action No. 12-1532 <br> Chief Judge Joy Flowers Conti/ <br> Chief Magistrate Judge Maureen P. Kelly |
| GERALD L. ROZUM; THE ATTORNEY <br> GENERAL OF THE STATE OF <br> PENNSYLVANIA, <br>　　　　　Respondent. | ) <br> ) <br> ) <br> ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed. It is further respectfully recommended that a certificate of appealability be denied.

**II. REPORT**

After confessing to firing a multitude of gun shots into a police station in Pittsburgh, which resulted in one police officer being shot, Ricky Deon Boyer ("Petitioner"), was tried and convicted of four counts of aggravated assault and one count each of criminal conspiracy and carrying a gun without a license. Petitioner was sentenced to an aggregate term of 35 to 90 years of incarceration.

Petitioner has filed this Petition seeking to attack these state court convictions. Specifically, Petitioner raises two grounds on which he claims that he is being held in violation of the Constitution, laws or treaties of the United States.

　　　　GROUND ONE: PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF
　　　　COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO

THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL
COUNSEL'S FAILURE TO CALL KNOWN ALIBI WITNESS AT TRIAL.

ECF No. 6 at 5.

GROUND TWO: PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENT [sic]
TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL
COUNSEL'S FAILURE TO PRESENT KNOWN CHARACTER WITNESSES.

Id. at 8.

Because Petitioner fails to show that the state courts' adjudication of these claims was contrary to or an unreasonable application of United States Supreme Court precedent, he fails to carry his burden to show entitlement to relief. In the alternative, because the Petition is time barred, it should be denied. Accordingly, the instant Petition should be denied and because reasonable jurists would not find the recommended disposition debatable, a certificate of appealability should also be denied.

### A. Procedural History

Petitioner is proceeding pro se. The Petition was filed. ECF No. 6. Respondents filed their Answer, in which they pointed out that Petitioner was not entitled to relief. ECF Nos. 9, 10. The Answer included copies of much of the state court record. Respondents also caused the original state court record to be transmitted to the Court. Despite Petitioner's request for an extension of time to file a traverse, ECF No. 11, and despite the request being granted, Petitioner never filed a traverse.

### B. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because

Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-

3

Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890. But cf. Kysor v. Price, 58 F. App'x 540, 543 n.3 (3d Cir. 2002).

The limitation imposed by AEDPA on this Court's review is extremely significant. AEDPA "imposes a highly deferential standard for reviewing claims of legal error by state courts[.]" Burt v. Titlow, 134 S.Ct. 10, 15 (2013). Because the AEDPA standard of review applies herein, this Court is not considering the same issue that the Pennsylvania state courts did when they ruled on Petitioner's claims. See, e.g., Harrington v. Richter, 131 S.Ct. 770, 785 (2011) ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard[,]" which was the question before the state court.); id. at 788 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."); Rountree v. Balicki, 640 F.3d 530, 540 (3d Cir. 2011) ("Rountree's second Strickland burden in the state court was to show that his counsel's unprofessional conduct prejudiced his case. But his burden before us is greater: under AEDPA, the question is not whether a federal court believes the state court's determination was incorrect, but whether that

4

determination was unreasonable – a substantially higher threshold.") (internal quotations and citations omitted).

The AEDPA standard of review is one that is "difficult to meet and [a] highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt. The petitioner carries the burden of proof." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (internal quotations and citations omitted). The Supreme Court has held that this standard "is difficult to meet, because the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." Greene v. Fisher, 132 S.Ct. 38, 43 (2011) (internal quotations and citations omitted).

Many state court's adjudications must be evaluated under § 2254(d)(1)'s "unreasonable application" clause, as is the case here, given that the Pennsylvania Superior Court addressed Petitioner's claims on the merits and applied the correct legal standard. "If the state court decision identifies the correct governing legal principle in existence at the time [such as the Strickland standard], a federal court must assess whether the decision unreasonably applies that principle to the facts of the prisoner's case." Cullen, 131 S.Ct. at 1399 (quotation marks omitted).

> For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 75-76, 123 S.Ct. 1166 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. Andrade, 538 U.S. at 75.

Rountree, 640 F.3d at 537 (parallel citations omitted).

5

The Supreme Court also has advised:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. See Lockyer, supra, at 75.
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther…. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington, 131 S.Ct. at 786-87 (parallel citations omitted).

Not surprisingly, as explained below, Petitioner fails to meet this heavy burden.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). However, Petitioner does not appear to argue this ground as a basis for granting relief herein.

**C. Discussion**

**1. Standard of review of ineffectiveness of counsel**

Petitioner raised the claims of ineffectiveness of counsel in the state courts during the Post Conviction Relief Act ("PCRA") proceedings. The PCRA trial court conducted an evidentiary hearing at which Petitioner testified as did his direct appeals counsel.[1] The PCRA trial court denied relief and Petitioner appealed. On appeal, the Pennsylvania Superior Court

---

[1] Attorney Murovich, Petitioner's trial counsel, was deceased by the time the PCRA evidentiary hearing was conducted. ECF No. 9 at 28.

6

essentially[2] addressed both of Petitioner's ineffectiveness claims on the merits. In doing so, the Superior Court utilized the three pronged state law test of ineffectiveness: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Superior Court slip op., ECF No. 10-4 at 45.

The state law standard applied by the Pennsylvania Superior Court has been found to be materially identical to the test of counsel's ineffectiveness definitively announced by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Id. at 204. Pursuant to the holding of Werts, Petitioner is barred from arguing that the Superior Court's decision applying the Pennsylvania standard of ineffectiveness is contrary to the standard announced in Strickland.

Moreover, Petitioner has not argued and does not point to any federal Supreme Court decision, in existence at the time that the Superior Court rendered its decision in this case that has a set of facts which are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the Superior Court herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent

---

[2] We say "essentially" because as explained below, the true issue before the Pennsylvania Superior Court was the ineffective assistance of direct appeal counsel's failure to raise the ineffective assistance of trial counsel.

requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Accordingly, Petitioner has not shown that the Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court, in either of the two senses of "contrary to."

Thus it remains Petitioner's burden to establish that the Superior Court's decision was an unreasonable application of federal law. However, because the Superior Court addressed Petitioner's two claims of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, 131 S.Ct. 733, 740 (2011) (quoting Harrington, 131 S.Ct. at 788). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'"). The United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly

8

deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

Petitioner has not carried his burden to show that the Superior Court's decision constituted an unreasonable application of federal law concerning ineffective assistance of counsel.

### 2. Precise issue of ineffectiveness before this Court.

Although Petitioner raises the two claims of trial counsel's ineffectiveness in the Petition before this Court, in fact, the only proper issue before this Court is his direct appeal counsel's alleged ineffectiveness for failing to raise the two claims of trial counsel's ineffectiveness. This is because at the time Petitioner's direct appeal was filed, i.e., October 12, 2000, ECF No. 9-1 at 27, the Pennsylvania Supreme Court had not yet decided the case of Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), which changed Pennsylvania law to mandate that claims of ineffective assistance of trial counsel not be raised until the PCRA proceedings.

Prior to the decision in Commonwealth v. Grant, Pennsylvania law required that the issue of counsel's ineffectiveness had to be raised at the earliest moment when the counsel who allegedly was ineffective was replaced by different counsel who was not from the same office as the ineffective counsel. Commonwealth v. Jenkins, 462 A.2d 847, 849 (Pa. Super. 1983); Commonwealth v. Hubbard, 372 A.2d 687, 695 n. 6. (Pa. 1977) ("ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a

ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review.").

In this case, trial counsel was Attorney Vincent Murovich. However, immediately after Petitioner was convicted and sentenced and the motion to modify sentence was denied by the trial court, the trial court appointed new counsel, i.e., Attorney Robert Crisanti. Because Attorney Crisanti did not raise the two issues of trial counsel's effectiveness on direct appeal, under the pre-Grant law of Pennsylvania, the issues of trial counsel's ineffectiveness were waived and thus, procedurally defaulted for purposes of federal habeas review. Hence, the issue that was properly raised in Petitioner's PCRA petition was a "layered claim" of ineffectiveness, i.e., Attorney Crisanti was ineffective on direct appeal for failing to raise Attorney Murovich's failure to call an alibi witness and failure to call character witnesses.[3]

Hence, the precise issue before this Court is: has Petitioner carried his burden to "show that the state court's ruling on the claim [of ineffectiveness of direct appeal counsel] being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 786-87.

### 3. Ground One – trial counsel was ineffective for failing to call alibi witness.

Petitioner asserts that his trial counsel, Attorney Murovich was ineffective for failing to call Apryl Fleming, an alibi witness who would have testified that she was talking to Petitioner on the phone at the time of the shooting of the police station. The Superior Court noted that "Appellant raises a layered ineffectiveness claim averring that Attorney 'Crisanti was ineffective' for failing to challenge Attorney Murovich's ineffectiveness on that basis that he did

---

[3] The Superior Court explained the doctrine of layered claims of ineffectiveness in its opinion addressing Petitioner's PCRA appeal. ECF No. 10-4 at 45 - 46.

not present the testimony of Apryl Fleming, a purported alibi witness, at trial." ECF No. 10-4 at 46.

The Superior Court rejected the claim noting, *inter alia*, that trial counsel's failure to call the alleged alibi witness failed so long as trial counsel had a reasonable basis for not doing so, and the Superior Court noted that there was such a reasonable basis:

> there is no evidence that Attorney Murovich's actions were designed to do anything other than advance Appellant's interests and defense at trial. Nor is there any evidence that counsel's strategy was unreasonable. Appellant has only presented evidence [at the PCRA hearing] through himself and Ms. Fleming that Attorney Murovich intended to present the testimony of Ms. Fleming "if everything went as planned," but that he then decided that she "would not be needed." These alleged statements of counsel suggest that Attorney Murovich contemplated calling Ms. Fleming but decided not to do so. If defense counsel decides not to call a witness, that decision will be sustained if the witness's testimony could easily be subverted. ***See Commonwealth v. Hoffman***, 589 A.2d 737, 746 (Pa.Super. 1991, *appeal denied*, 608 A.2d 28 (Pa. 1992). Here, the credibility of Appellant's alleged alibi witness was clearly compromised by her relationship with Appellant, as the mother of his child.

ECF No. 10-4 at 48. Essentially, we read the Superior Court's reasoning to have found that Petitioner failed to adduce evidence rebutting the presumption that Attorney Murovich had a reasonable basis for not calling Ms. Fleming. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995) ("counsel is presumed effective . . . . we are mindful of the strong presumption that counsel's performance was reasonable").

The Superior Court went on to hold that Petitioner also failed to establish prejudice because of the overwhelming evidence of Petitioner's guilt, including Petitioner's confession.[4] Id. at 48 – 49. The Superior Court concluded "[g]iven the inculpatory nature of this evidence,

---

[4] Although Petitioner denies that he confessed, the Honorable Gerard M. Bigley, who conducted the suppression hearing, did not credit Petitioner's testimony where Petitioner denied that he confessed and Judge Bigley permitted the confession to be introduced at trial. ECF No. 10-4 at 38.

11

Appellant has not established prejudice from trial counsel's failure to call Ms. Fleming as a witness." Id. at 49.

Petitioner fails to carry his heavy burden in this Court to show that the Superior Court's disposition was an unreasonable application of Strickland. Furthermore, the Superior Court then went on to note that even if Petitioner could establish his trial counsel's ineffectiveness, Petitioner would not necessarily have established his direct appeals counsel's ineffectiveness for failing to raise this issue of trial counsel's ineffectiveness. Id. at 50. The Superior Court noted that

> Attorney Crisanti testified at the PCRA hearing that he specifically investigated this issue at the request of Appellant. Appellant told Attorney Crisanti that he was at his mother's house in bed with his girlfriend [who was not Ms. Fleming] at the time of the crimes. However, after speaking with Appellant's mother and girlfriend, Attorney Crisanti determined that this story was unsupported. Accordingly, Attorney Crisanti had a reasonable basis for his decision not to pursue the alibi issue on direct appeal.

Id.[5] Again, Petitioner fails to carry his burden in this Court to show that the foregoing constituted an unreasonable application of Strickland.

Thus, because Petitioner failed to establish his trial counsel's ineffectiveness, he cannot, a fortiori, establish his appellate counsel's ineffectiveness for failure to raise a meritless claim. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim"). Accordingly, Ground One does not afford Petitioner habeas relief.

---

[5] The Superior Court noted that the alibi story Petitioner gave Attorney Crisanti was not the same alibi story he argued in the PCRA proceedings. ECF No. 10-4 at 49 ("We also note that the alibi story Appellant provided to Attorney Crisanti, namely that he was at his mother's house in bed with his girlfriend, is different than the story he advances in his petition, that he was on the telephone with Ms. Fleming.").

### 4. Ground Two – trial counsel was ineffective for failing to call character witnesses.

Petitioner next alleges that his trial counsel was ineffective for failing to call character witnesses at Petitioner's trial. The Superior Court essentially found that Petitioner failed to establish prejudice as a result of the trial counsel's failure to call character witnesses. Id. at 51 ("Appellant has not shown 'that there is a reasonable probability that the outcome of the proceedings would have been different' if Attorney Murovich called character witnesses."). This is an eminently reasonable disposition of Petitioner's claim in light of the record before this Court.

The Superior Court went on to hold that even if Petitioner could establish trial counsel's ineffectiveness for not calling such character witnesses, Petitioner could not establish appellate counsel's ineffectiveness because Attorney Crisanti had a reasonable basis to not raise this issue, namely, because Petitioner had prior convictions and/or juvenile adjudications, it would have been reasonable for trial counsel to not call character witnesses in order to put Petitioner's character at issue and potentially open the door to allowing in evidence of the Petitioner's prior convictions/juvenile adjudications. Id. at 51 - 52.[6] Again, Petitioner fails to carry his burden to show that such a disposition is unreasonable. Hence, Ground Two does not afford Petitioner relief.

---

[6] In the Petition, Petitioner contends that he did not have any "criminal convictions involving aggressive or violent behavior" at the time of trial. ECF No. 6 at 8. Petitioner says nothing of juvenile adjudications. Evidence of juvenile adjudications for violent offenses, if any, would be admissible in Petitioner's criminal proceeding. See, e.g., Commonwealth v. Weiss, 81 A.3d 767 (Pa. 2013). Thus, we understand the first reference to a "prior conviction" in the following sentence to mean a juvenile adjudication for such a violent crime: "However, he [i.e., Attorney Crisanti] stated that when an appellant has **a prior conviction, as in this case**, he will not raise the issue [of character] because 'a prior conviction or juvenile adjudication is admissible when you put your character at issue. . . .'" ECF No. 10-4 at 52 (emphasis added).

### 5. The statute of limitations bars this Petition.

In the alternative, the Respondents point out that the Petition is barred by the one year AEDPA statute of limitations. Although Petitioner was put on notice of this defense, and was even asked about the AEDPA statute of limitations on the standard Section 2254 form petition that he utilized, ECF No. 6 at 16, Petitioner chose not to file a traverse and contest the statute of limitations or to even answer the question on the form petition.

Respondents point out that Petitioner's conviction became final on July 15, 2003, i.e., 90 days after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal, when the time for filing a petition for certiorari to the United States Supreme Court ran out. ECF No. 9 at 12. Thereafter, Petitioner filed his PCRA petition on March 18, 2004, which then started tolling the running of the AEDPA one year statute of limitations. Id. However, between July 15, 2003 and March 18, 2004, a total of 247 of the 365 days had run, leaving only 118 days remaining. The PCRA petition ceased to be pending on March 29, 2012, when the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal. Stokes v. District Attorney of Philadelphia County, 247 F.3d 539, 542 (3d Cir. 2001)(90 day period in which to file a petition for certiorari after discretionary review by the State Supreme Court in post conviction proceedings does not toll AEDPA's statute of limitations). Pursuant to the prisoner mail box rule, Petitioner is not deemed to have filed the current Petition, until, at the earliest, October 17, 2012, the date he signed the Petition. Between March 29, 2012 and October 17, 2012, a total of 212 days passed, meaning that Petitioner's Petition is late by 94 days. Accordingly, the Petition is time barred under the AEDPA statute of limitations.

### 6. Certificate of Appealability

Because jurists of reason would not find the foregoing analysis debatable, a certificate of appelability should also be denied.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be denied. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                    Respectfully submitted,

Date: January 22, 2015                   s/Maureen P. Kelly
                                                    MAUREEN P. KELLY
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Joy Flowers Conti
           Chief United States District Judge

           All counsel of record via CM-ECF

           Ricky Deon Boyer
           EK-2060
           SCI Somerset
           1600 Walters Mill Road
           Somerset, PA 15510